KATHLEEN CLISE ET AL. *v.* PHILLIPS COAL, INC.

[No. 225, September Term, 1978.]

*Decided November 3, 1978.*

The cause was argued before THOMPSON, MOYLAN and COUCH, JJ.

*Martha Wyatt,* with whom were *Alan Hilliard Legum* and *Legum, Cochran & Chartrand, P.A.* on the brief, for appellants.

*William Walsh,* with whom were *Walsh, Walsh & Reinhart* on the brief, for appellee.

COUCH, J., delivered the opinion of the Court.

This appeal comes to this Court following the action of the Circuit Court for Allegany County in reversing the decision

of the Zoning Board of Appeals for Allegany County which had denied appellee's application for a conditional use in an "A" district, namely an extractive type industry, commonly referred to as "strip mining".

The facts surrounding this controversy are largely uncontradicted, but the interpretations given these facts by the Board of Zoning Appeals and the Circuit Court are not necessarily consistent. Appellee, Phillips Coal, Inc., filed an application seeking approval of the Zoning Board for strip mining operation on 177 acres of land near the intersection of Old State Route 55 and New Dan's Rock Road in Allegany County. This acreage is situated in an A district and strip mining is allowed, subject to approval of the Zoning Board under the existing Zoning Ordinance. There are and have been other mining operations in the same general area. Appellee produced testimony and other evidence before the Board showing the area to be mined and, generally, its plans for controlling surface water drainage. Appellee further produced the testimony of a hydrogeologist, who expressed his opinion that only one nearby property could be affected by the operation so far as water supply was concerned. Appellee also proffered that a suitable bond would be procured for protection of the neighboring landowners, and that it also carried liability insurance.

Several protestants appeared before the Board, including appellant. The substance of their complaints focused on a fear of well collapse or contamination, adverse effects of blasting, and damage from surface water run-off. The Board also received in evidence a letter from the Allegany County Health Department to the Director of the Allegany County Planning and Zoning Commission which concluded that it felt "there is a potential for degradation of the wells since the casings and grout do not extend down through the coal seams and other strata." The letter, which was actually from the Environmental Health Division, finally concluded:

> "This office cannot be in favor of strip mining in the area of individual wells unless there is some guarantee that the residents will continue to receive adequate water of acceptable quality. If this

guarantee is made, then we do not oppose the issuance of a permit. . . ."

The Board ultimately denied the application, stating its reasons as follows:

"No. 1. It is not in the public interests reflected by the large number of adjoining property owners who vigorously oppose this Variance. The Board is concerned that the operation would adversely affect the pre-existing use of their properties for residential purposes.

No. 2. The board feels that the wells in the area near the proposed stripping site will be endangered by blasting, in addition a report received from the Allegany County Health Department would indicate a possible adverse effect on existing residential water supplies, through this proposed operation.

No. 3. We also feel that the rights of present homeowners and future homeowners will be jeopardized due to blasting; water run-off and noise from this type of operation; in this regard the testimony indicated that a certain number of preexisting homes are located adjacent to the proposed strip operation, in fact, it would seem that one such residence is within two hundred and fifty feet of the proposed operation."

Thereafter, a timely appeal to the Circuit Court was taken. When the matter came on for hearing, objection was made to the appearance of Dan's Mountain Watershed Association and Kathleen Clise as appellees. Counsel for the association conceded that the association was included in the answer he filed on behalf of Clise as a "pro forma" matter, but contended that Clise was an aggrieved party and had standing. After taking testimony from Clise showing where her residence was in relation to the property which was the subject of the application, the court concluded that Clise was a proper party.[1]

---

1. *See* Town of Somerset, et al. v. Montgomery County Board of Appeals, et al., 245 Md. 52, 63, 225 A. 2d 294 (1965).

The court then heard argument of counsel on the merits of the case, as revealed by the record of the Board proceedings. Upon conclusion of argument the court asked counsel for memoranda and held the case *sub curia.* After receiving memoranda from counsel, the court passed an order requiring additional evidence to be presented with respect to the property of one of the protestants, Robert Cadwallader. In due course additional evidence was received by the court, over the objection of appellant. This evidence consisted of testimony from the digger of Cadwallader's well, the drill and blast foreman for appellee, a seismologist, and a geologist. The seismologist, offered as an expert by appellee, testified generally as to the effects of blasting operations and gave it as his opinion that there would be no effect on Cadwallader's property if the blasting was done properly. The geologist, offered as an expert by appellant, testified generally with respect to blasting effects and the effect of fractures in the underlying rock formations on wells. He stated it was important to conduct tests for any fractures because one of the coal seams was "dirty coal" and that it was possible for acid to escape into nearby wells. It seems no fracture study had been undertaken.

Ultimately, the court rendered an opinion reversing the Zoning Board and granting appellee (appellant below) the conditional use it sought. The court found that there was no probative evidence in the record which would show that the proposed use would be detrimental to the neighborhood, and that the decision of the Zoning Board denying appellee's application for a conditional use was, therefore, arbitrary and capricious.

Upon appeal, a single issue is presented:

> "Whether there was probative evidence submitted before the Board of Zoning Appeals for Allegany County so that the question of harm or disturbance to the neighborhood was fairly debatable."

Before considering the merits of this appeal, we are compelled, by reason of appellee's motion to dismiss, to consider whether appellant had standing to participate in the

proceedings below, and has standing to maintain this appeal. Appellee argued below, and contends here, that appellant is not "aggrieved" by the decision of the Zoning Board and, therefore, is not a proper party to these proceedings.

*Md. Code* (1957), Art. 66B, § 4.08 (a) provides:

> "(a) *Who may appeal; procedure.* — Any person or persons, jointly or severally, aggrieved by any decision of the board of appeals, or by a reclassification by the local legislative body, or any taxpayer, or any officer, department, board, bureau of the jurisdiction, may appeal the same to the circuit court of the county. Such appeal shall be taken according to the Maryland Rules as set forth in Chapter 1100 Subtitle B." [2]

This section, governing the standing of parties appealing a Zoning Board decision, provides alternative bases for standing. A party has standing if he is aggrieved by the decision of the Zoning Board or if he is a taxpayer. Section 4.08 (a) apparently does not require that a taxpayer be aggrieved in order to maintain an appeal.

Counsel for Mrs. Clise proffered that Mrs. Clise was a property owner, and appellee has not contested this proffer. We can only infer that Mrs. Clise, being a property owner, is also a taxpayer. *See generally Md. Code* (1957), Art. 81, §§ 8 *et seq.* We find no error in the court's ruling that appellant was a proper party below. Being a proper party below, appellant also has standing to maintain this appeal.

Another ground, however, precludes us from directly considering whether the trial court erred in holding that the decision of the Zoning Board was arbitrary and capricious. It appears from the record that the trial judge erred in taking additional testimony below.

As we have set out above, the trial judge, over appellant's objection, ordered that additional evidence should be

---

2. We note that Art. 66B, § 7.03, of the Annotated Code of Maryland provides that this article shall not apply to chartered counties of Maryland. Allegany County, however, is not a chartered county.

presented with respect to the property of Robert Cadwallader. *Md. Code* (1957), Art. 66B, § 4.08 (b) provides:

"If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence . . . ."

This section appears to grant the trial court virtually unlimited discretion in receiving additional testimony. That discretion, however, has been limited by the Court of Appeals in *Aspen Hill Venture v. Montgomery County,* 265 Md. 303, 289 A. 2d 303 (1972). In *Aspen Hill* the Court made a distinction between evidence which "enhance[s] or diminish[es] the evidence supporting or challenging the application" and evidence of "matters of public record which directly relate to the arbitrary, capricious or discriminatory quality of the conduct of the zoning authority which affects the property of the applicant." *Id.* at 317, 289 A. 2d at 310. The former type of evidence, such as "evidentiary matters bearing on mistake or change or need", ought not to be taken in the trial court. *See Suburban Properties v. Rockville,* 241 Md. 1, 215 A. 2d 200 (1965); *Board of Comm'rs v. Meltzer,* 239 Md. 144, 210 A. 2d 505 (1965). This limitation is based on the well settled, and often repeated rule that, on appeal, the court is bound by the record made before the governmental body from which the appeal is taken, and may not substitute its judgment for that of the governmental body. *Id.* at 316-7, 289 A. 2d at 310; *Montgomery Co. v. Pleasants,* 266 Md. 462, 295 A. 2d 216 (1972).

The court may, however, in its discretion, receive evidence which directly relates to the arbitrary, capricious or discriminatory quality of the conduct of the zoning board. Under the facts presented in *Aspen Hill,* the Court of Appeals held that evidence showing that the zoning board had granted re-zoning to tracts which bordered the applicant's tract, for which re-zoning had been denied, had been properly taken in the lower court. This evidence tended to show that the action of the zoning board in denying re-zoning to the applicant, when viewed in context with its granting of re-zoning to a

bordering tract on basically the same evidence, was arbitrary and discriminatory.

The evidence received by the trial court in the case *sub judice* was of the type that would "enhance or diminish the evidence supporting or challenging the application." The evidence goes to show the detriment or lack of detriment of the conditional use to the surrounding area. As such, the evidence was improperly received by the trial court.

In his written opinion, the trial judge stated:

> "In order to deny the application for an exception, the Board needed before it probative evidence that the proposed operation would in fact adversely affect the neighboring properties in the general neighborhood.... After a careful review of *all* the evidence in this case, the Court cannot find any probative evidence that would justify the decision of the Board. On the contrary, the applicant has produced probative evidence through expert witness that the proposed use would be conducted without real detriment to the neighborhood and would not actually adversely affect the public interest provided the applicant conducts the proposed operation in compliance with the laws and regulations pertaining to such operation." [Emphasis supplied.]

From the record we are unable to determine whether the trial judge, in rendering this opinion, considered only the evidence presented before the Board, or whether he also considered the evidence received at the supplemental hearing.

Our review of the record persuades us that whether the evidence before the Board was fairly debatable is a close question. In light of the additional evidence, which is now available, we conclude it appropriate to remand the matter, without affirmance or reversal, with instructions to the trial

court to remand to the Zoning Board to allow it to receive additional evidence and render its decision.[3]

> *Case remanded, without affirmance or reversal, with instructions to the trial court to remand the case to the Zoning Board for further proceedings.*
> *Costs to abide the result.*

_____

3. Maryland Rule 1071 a; Maryland Rule B12.