940 A.2d 1132

Rishi GOSAIN, et al.

v.

COUNTY COUNCIL FOR PRINCE GEORGE'S COUNTY,
Maryland, Sitting as the District Council, et al.

No. 0208, Sept. Term, 2007.

Court of Special Appeals of Maryland.

Feb. 1, 2008.

Susan Gray, Highland, for Appellant.

Steven M. Gilbert, Upper Marlboro, and John C. Frederickson (Matthew Gorman, O'Malley, Miles, Nylen & Gilmore, PA on the brief), Calverton, for Appellee.

Panel: JAMES R. EYLER, MEREDITH, and WOODWARD, JJ.

MEREDITH, Judge.

This is an appeal from the Circuit Court for Prince George's County's dismissal of a petition for judicial review of a zoning ruling. The appellants, Rishi Gosain and Abid Chaudhry, filed the petition seeking judicial review of a decision of the Prince George's County Council, sitting as the District Council (hereinafter the "Council"), appellee, approving a detailed site plan for a proposed commercial complex. The circuit court held that neither of the petitioners had standing pursuant to Md. Code (1957, 2003 Repl.Vol.), Art. 28, § 8–106(e) to challenge the Council's actions.[1] We agree, and shall therefore affirm the judgment of the circuit court dismissing the petition for judicial review.

## Statement of Facts and Procedural History

Appellants Gosain and Chaudhry filed a petition for judicial review in the Circuit Court for Prince George's County on August 14, 2006. They requested review of a decision of the Council that had approved site plan application SP–05044, for the proposed development of 12.74 acres of land referred to as Steeplechase 95 Business Park, located at the intersection of I–495 and Ritchie–Marlboro Road. The site plan included a new gas station, and the appellants, through separate companies, operate gas stations in Prince George's County, two to three miles away from the proposed new development. Gosain operates an Exxon station at 10350 Campus Way in Largo, MD, and Chaudhry operates a BP station at 1322 Ritchie Road in Capitol Heights, Maryland. The Exxon station is owned by Sona Auto Care, Incorporated, and the BP station is owned by MNA, LLC.

---

1. Article 28, § 8–106(e), provides, in relevant part:

    Appeals authorized.—In Prince George's County, any incorporated municipality located in Prince George's County, any person or taxpayer in Prince George's County, any civic or homeowners association representing property owners affected by a final district council decision, and, if aggrieved, the applicant may have judicial review of any final decision of the district council.

The applicants for the challenged site plan—Atapco Ritchie Interchange, Inc. and Ritchie Interchange, LLC (hereinafter "Atapco")—filed a notice of intent to participate in the judicial review proceedings. Atapco then filed a motion to dismiss, contending that neither of the petitioners for judicial review resided in, nor personally paid taxes in, Prince George's County, and therefore, neither had the necessary standing under § 8–106 to pursue this action. Atapco filed a second motion to dismiss alleging that Gosain and Chaudhry had no standing to bring the action because neither was cognizably "aggrieved" by the Council's decision. The Council adopted by reference and joined in both of Atapco's motions. On February 22, 2007, the circuit court heard argument on these motions, and also took testimony from Gosain.

In his testimony, Gosain acknowledged that he was not a resident of Prince George's County, or, for that matter, of Maryland. He testified that his residence was in Springfield, Virginia, but he stated that he had a franchise and lease to run the Exxon gas station located at 10350 Campus Way South, Largo, Maryland. He acknowledged that his concern about how the new development would affect his Exxon station was the motivation for his opposition to the Steeplechase site plan. The transcript includes the following exchange:

Q. Now, you pursued your appeal of the Planning Board decision to the District Council of the Steeplechase DSP because you were concerned about how the Steeplechase development would affect your business as an Exxon station; is that right?

A. Yes.

Q. Is there any other reason that you appealed the Planning Board decision?

A. Well, that's one [of] the main reasons.

Q. What are the other reasons then?

A. The other reasons are economic reasons affecting the station. I employ ten employees over here affecting their future employment and future access to the county.

Q. In other words, your business interest, you were concerned that your business—

A. It is part of my business interest and the employment interest of the employees.

Although Gosain contended that he owned the business and paid personal property taxes in connection with the business, the documents he produced clarified that the business was conducted in the name of a corporation he owned named Sona Auto Care, Incorporated. He further acknowledged that the entity that pays taxes in regard to 10350 Campus Way is Sona Auto Care, Incorporated.

Chaudhry did not appear at the hearing, but counsel conceded that Chaudhry resided in Crofton, Maryland, which is in Anne Arundel County. By affidavit, Chaudhry acknowledged that the service station that he "operated" at 1322 Ritchie Road, Capitol Heights, Maryland, had been purchased by himself "and two other partners, acting under the name MNA LLC."

The circuit court granted the motions to dismiss based upon standing. The court expressed the view that neither petitioner was a "person" in Prince George's County within the meaning of § 8–106(e) because neither of them was domiciled there. The court further held that neither man was a "taxpayer" in Prince George's County because, although the business entities they were involved with may have paid taxes to the County, they themselves did not do so. On February 27, 2007, the circuit court entered an order which set forth the following "findings of fact and conclusions of law":

1. Petitioner Gosain is a resident of and domiciled in the Commonwealth of Virginia and is not "a person . . . in Prince George's County," as that term is used in § 8–106(e) of the Regional District Act, Article 28, Annotated Code of Maryland.

2. Petitioner Chaudhry is not a resident of or domiciled in Prince George's County and is not "a person . . . in Prince George's County," as that term is used in § 8–106(e) of the Regional District Act.

3. Neither petitioner Gosain nor petitioner Chaudhry owns real property in Prince George's County.

4. Neither petitioner Gosain nor petitioner Chaudhry is a "taxpayer in Prince George's County," as that term is used in § 8–106(e) of the Regional District Act.

5. Neither named petitioner meets the requirements in § 8–106(e) of the Regional District Act, and neither petitioner is authorized by law to petition the District Council's decision to this Court.

6. Neither named petitioner has standing in this case, to file a petition for review of the final decision of the District Council approving the SP–05044 detailed site plan application.

Gosain and Chaudhry timely filed their notice of appeal to this Court. Both the Council and Atapco filed appellee briefs before this Court.

### Analysis

■ The standard for review of the grant of a motion to dismiss is "whether the trial court was legally correct." *Sprenger v. Public Service Com'n of Maryland,* 400 Md. 1, 21, 926 A.2d 238 (2007) (citations omitted). In conducting our analysis, we will "accept all well-pled facts in the complaint, and reasonable inferences drawn from them, in a light most favorable to the non-moving party . . . because the object of a motion to dismiss is to argue that relief could not be granted on the facts alleged as a matter of law." *Id.* (citations and internal quotation marks omitted).

The only issue before us is whether either petitioner met the standing requirements of § 8–106(e). The statute provides, in pertinent part:

Appeals authorized.—In Prince George's County, any . . . person or taxpayer in Prince George's County, . . . may have judicial review of any final decision of the district council.

We conclude that the circuit court correctly ruled that neither Gosain nor Chaudhry had standing as a "person" or "taxpay-

er" in Prince George's County within the meaning of § 8–106(e).

We addressed the meaning of "person" in the context of § 8–106 in *Egloff v. County Council of Prince George's County,* 130 Md.App. 113, 126–27, 744 A.2d 1083 (2000). In that case, Egloff contended that she had standing to seek judicial review pursuant to § 8–106(e) as a person in Prince George's County because she had grown up there, and, although she now resided in Calvert County, she continued to spend a substantial amount of time at the family home in Prince George's County and occasionally resided there in order to take care of her mother. *Id.* at 121, 744 A.2d 1083. We rejected the argument that one might have standing based upon spending substantial time in Prince George's County and occasionally residing there. We stated, *id.* at 126–28, 744 A.2d 1083:

> Even if the evidence did establish that Egloff occasionally resided in the family home . . . we would not conclude that Egloff was therefore a "person . . . in Prince George's County" within the contemplation of § 8–106(e). Section 8–106(e) confers a benefit on persons in Prince George's County—the right to petition for judicial review of a decision of the District Council in a zoning case. In arguing that Egloff occasionally resided at the family home, the appellants/cross-appellees implicitly posit that a person in Prince George's County is a resident of Prince George's County. The Court of Appeals has explained that, where a constitutional or statutory provision confers a benefit based on residency, a person's residence is deemed to be the place where he or she is domiciled, not merely where he or she is physically present. *See Bainum v. Kalen,* 272 Md. 490, 496–99, 325 A.2d 392 (1974). . . .

\* \* \*

In short, the argument that Egloff is a person in Prince George's County because she occasionally resides in Prince George's County must fail because it runs afoul of the established rule that a statute that confers a benefit based

on residency confers that benefit only on those persons who maintain a principal, fixed, and permanent home in the designated place. To hold otherwise would open the door for any person who occasionally visits Prince George's County overnight to challenge a decision of the District Council. Challenges could be lodged by tourists from other states who stay in Prince George's County hotels or camp-grounds, or by persons who spend holidays visiting friends or relatives in Prince George's County. It defies common sense to believe that the Legislature intended to create such a free-for-all when it enacted the standing requirements set forth in § 8–106(e).

In other words, in order to be a "person ... in Prince George's County" within the meaning of § 8–106(e), one must be domiciled there. *Id.* At the hearing, Gosain testified that he resided in Springfield, Virginia, and counsel conceded that Chaudhry did not reside in Prince George's County. Accordingly, the circuit court correctly ruled that neither petitioner had standing as a "person ... in Prince George's County."

With respect to the term "taxpayer," we have previous-ly held, in the course of interpreting a similar statute, that it means "any person, including an entity, who pays real proper-ty taxes to the local jurisdiction whose zoning action is being challenged on appeal." *Superior Outdoor Signs, Inc. v. Eller Media Co.,* 150 Md.App. 479, 507, 822 A.2d 478 (2003). Al-though *Superior Outdoor Signs* interpreted one of § 8–106(e)'s sister statutes—Md. Code (1957, 2003 Repl.Vol.), Art. 66B § 4.08(a)(ii), which governs standing to challenge zoning actions in some other Maryland counties—we see no reason to interpret the term "taxpayer" differently here. The tax re-turns filed for the Exxon station were filed by the entity Sona Auto Care, Inc., not Gosain in his individual capacity. Chau-dhry did not introduce the tax returns for the BP Station, but acknowledged that the business was owned by an LLC, *i.e.,* not by him individually. Although these entities may be taxpayers of real property taxes in Prince George's County,

appellants Gosain and Chaudhry are not. *Cf. Superior Outdoor Signs, supra,* 150 Md.App. at 499, 822 A.2d 478 ("A corporation is a legal entity separate from its shareholders.") (citation omitted). The petition for judicial review was filed by Gosain and Chaudhry in their individual names; neither Sona Auto Care, Inc., nor MNA LLC was identified as a plaintiff in the petition for judicial review. *See id.* at 503, 822 A.2d 478 (even though corporation had taxpayer standing, its stockholders could not assert taxpayer standing based upon their ownership interest in the corporation). Gosain and Chaudhry therefore did not meet their burden to show, by a preponderance of the evidence, that either one of them had standing. *See, e.g., Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 198, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (holding that the plaintiffs "have the burden of proof and persuasion as to the existence of standing.") (citations omitted); *Comm. for Responsible Development on 25th Street v. Mayor and City Council of Baltimore,* 137 Md.App. 60, 86, 767 A.2d 906 (2001).

Appellants' counsel urged the circuit court to hold that Gosain and Chaudhry have standing because they are business people in the county and were representing their gas stations. Gosain and Chaudhry contend that "persons" should be interpreted more broadly than domiciliaries, and should extend to individuals who can demonstrate a genuine nexus with the county, such as the appellants. But the statute says "persons" and "taxpayers," not "business people." Statutory standing in Prince George's County is already available to a very broad class of protestants. It is up to the General Assembly to decide whether it would be a sound public policy to expand further the class of the parties who have standing to seek judicial review pursuant to § 8–106(e).

For all of the above reasons, we hold that the circuit court correctly ruled that neither of the appellants had standing to file this action under § 8–106(e). The circuit court was therefore correct to dismiss this action, and we affirm its judgment.

JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY IS AFFIRMED. COSTS TO BE PAID BY APPELLANTS.