22 A.3d 825

Rishi GOSAIN, et al.

v.

COUNTY COUNCIL OF PRINCE GEORGE'S COUNTY,
Maryland, Sitting as the District Council, et al.

No. 26, Sept. Term, 2008.

Court of Appeals of Maryland.

June 22, 2011.

198

Susan B. Gray, Highland, MD, for petitioners/cross-respondents.

John C. Fredrickson (Susan Zuhowski of O'Malley, Miles, Nylen & Gilmore, P.A., Calverton, MD), on brief for respondents/cross-petitioners.

Steven M. Gilbert, Principal Counsel, Office of County Council, Upper Marlboro, MD, for respondents/cross-petitioners.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, JOHN C. ELDRIDGE (Retired, Specially Assigned) and IRMA S. RAKER (Retired, Specially Assigned), JJ.

JOHN C. ELDRIDGE (Retired, Specially Assigned), J.

The issue in this case is whether the petitioners Rishi Gosain and Abid Chaudhry, who operate gasoline service stations in Prince George's County, have standing under a section of the Regional District Act, Maryland Code (1957, 2010 Repl.Vol.), Article 28, § 8–106(e), to maintain an action for judicial review of a final administrative decision by the Prince George's County Council, acting as the District Council. The standing issue depends entirely upon the correct

interpretation of Article 28, § 8–106(e).[1]   The decision of the District Council, which the petitioners seek to challenge, was the approval of a detailed site plan for a parcel of commercial property in Prince George's County.   Both the Circuit Court for Prince George's County and the Court of Special Appeals held that petitioners lacked standing to bring this action.   We shall agree, although our reasoning differs from that of both courts below.

## I.

The facts relevant to the standing issue are as follows.   The respondents Atapco Ritchie Interchange, Inc., and Ritchie Interchange, LLC,[2] are the owners and developers of real property in Prince George's County known as the Steeple-chase Business Park. This property is located at the intersection of the Capital Beltway and Ritchie Marlboro Road. Atapco submitted to the Prince George's County Planning Board an application for approval of a detailed site plan for a portion of the Business Park property.   Atapco proposed to construct on this portion one bank, one drug store, one gasoline service station with a convenience store, two "fast-food" restaurants and two "sit-down" restaurants.   After a hearing, the Prince

1.   Article 28, § 8–106(e) provides as follows:

(e) *Appeals authorized.*—In Prince George's County, any incorporated municipality located in Prince George's County, any person or taxpayer in Prince George's County, any civic or homeowners association representing property owners affected by a final district council decision, and, if aggrieved, the applicant may have judicial review of any final decision of the district council.   Proceedings for review shall be instituted by filing a petition in the Circuit Court of Prince George's County within 30 days after service of the final decision of the district council, which may be served upon all persons of record at the district council's hearing.   Copies of the petition shall be served on the district council and all other persons of record in the manner provided by the rules of court.   The filing of the petition does not stay enforcement of the district council's decision; but the district council may do so, or the reviewing court may order a stay upon terms it deems proper.

2.   Hereafter in this opinion both of these respondents will be referred to as "Atapco."

George's County Planning Board approved the site plan for the parcel with conditions.

The Prince George's County District Council "elected to review" the Planning Board's approval.[3] Subsequently several individuals, including the petitioners Gosain and Chaudhry, filed with the District Council an appeal of the Planning Board's approval. The majority of these individuals, like petitioners Gosain and Chaudhry, appeared to have some connection with gasoline service stations in Prince George's County. Following a hearing, the District Council initially remanded the case to the Planning Board with certain instructions. Shortly thereafter, however, the District Council rescinded its remand order and issued a "Final Decision" which affirmed the Planning Board's decision "with additional conditions."

Petitioners Gosain and Chaudhry commenced the present action by filing in the Circuit Court for Prince George's County a petition for judicial review of the District Council's final decision. In a memorandum supporting the judicial review petition, Gosain and Chaudhry argued, *inter alia*, that the District Council's approval of the detailed site plan was predicated upon an earlier invalid text amendment to the Prince George's County Zoning Ordinance, and that the District Council's decision was not supported by substantial evidence.

Atapco filed a response to the judicial review petition, stating that it intended to participate in the action. Thereafter, Atapco filed a motion to dismiss the action, arguing that petitioners Gosain and Chaudhry lacked standing under the Regional District Act, Article 28, § 8–106(e), to have judicial review of a decision by the Prince George's County District Council. Atapco argued that, to have standing under § 8–106(e), one must be either a resident of Prince George's County or a Prince George's County taxpayer. Atapco alleged

---

3. *See County Council of Prince George's County v. Billings,* 420 Md. 84, 21 A.3d 1065, 2011 WL 2437339 (2011) (No. 46, September Term, 2010, filed June 20, 2011) for a discussion of the District Council's "election to review" the Planning Board approval in a case.

that Rishi Gosain was a resident of Springfield, Virginia, and Abid Chaudhry was a resident of Crofton, in Anne Arundel County, Maryland. Atapco further alleged that neither Gosain nor Chaudhry owned property in Prince George's County or paid taxes to Prince George's County.

Shortly after filing the above-described motion to dismiss, Atapco filed a second motion to dismiss, asserting that one must also be aggrieved by the District Council's decision in order to maintain an action for judicial review and that neither Gosain nor Chaudhry were aggrieved by the administrative decision. The respondent District Council joined the two motions to dismiss filed by Atapco.

The Circuit Court held a hearing on the motions to dismiss at which the petitioner Gosain testified and several documents were submitted. In addition, an affidavit by petitioner Chaudhry was filed. This evidence disclosed the following. Rishi Gosain was a resident of Springfield, Virginia, and he operated an Exxon gasoline service station in Prince George's County, at 10350 Campus Way, Largo, Maryland. This service station did business as "Campus Way Exxon," and the business was owned by a corporation named "Sona Auto Care, Inc." The corporation leased the building and land from Exxon Mobil corporation and had a franchise agreement with Exxon Mobil. In addition, taxes paid to Prince George's County and the State of Maryland in connection with the business have been paid by the Sona Auto Care corporation. Rishi Gosain testified that he "owns" the corporation and operates the business with ten employees. He also testified that the service station is about two miles from Atapco's proposed business park and that he was concerned about the economic effect of the business park upon the service station. The personal property tax return filed by Sona Auto Care, Inc., lists Rishi Gosain as president of the corporation.

Abid Chaudhry was not at the Circuit Court's hearing on the motion to dismiss. Nevertheless, the documentary evidence shows that he operated a BP–Amoco gasoline service station in Prince George's County, at 1322 Ritchie Road,

Capital Heights, Maryland. Between 1998 and December 2005, the service station property was owned by BP–Amoco. In December 2005, the property was purchased by a corporation called MNA, LLC. Abid Chaudhry and "two other partners" own the corporation. It is undisputed that Abid Chaudhry does not reside in Prince George's County.

Following the hearing, the Circuit Court entered an order dismissing the petition for judicial review. The order contained the following findings of fact and conclusions of law:

"1. Petitioner Gosain is a resident of and domiciled in the Commonwealth of Virginia and is not 'a person ... in Prince George's County,' as that term is used in § 8–106(e) of the Regional District Act, Article 28, Annotated Code of Maryland.

"2. Petitioner Chaudhry is not a resident of or domiciled in Prince George's County and is not 'a person ... in Prince George's County,' as that term is used in § 8–106(e) of the Regional District Act.

"3. Neither petitioner Gosain nor petitioner Chaudhry owns real property in Prince George's County.

"4. Neither petitioner Gosain nor petitioner Chaudhry is a 'taxpayer in Prince George's County,' as that term is used in § 8–106(e) of the Regional District Act.

"5. Neither named petitioner meets the requirements in § 8–106(e) of the Regional District Act, and neither petitioner is authorized by law to petition the District Council's decision to this Court.

"6. Neither named petitioner has standing in this case, to file a petition for review of the final decision of the District Council approving the SP–05044 detailed site plan application."

Petitioners Gosain and Chaudhry appealed to the Court of Special Appeals which affirmed. *Gosain v. Prince George's County,* 178 Md.App. 90, 940 A.2d 1132 (2008). The Court of Special Appeals, relying upon an earlier Court of Special Appeals opinion, *Egloff v. Prince George's County,* 130 Md. App. 113, 744 A.2d 1083 (2000), held that "to be a 'person ...

in Prince George's County' within the meaning of § 8–106(e), one must be domiciled there." *Gosain v. Prince George's County, supra,* 178 Md.App. at 97, 940 A.2d at 1136. The appellate court then pointed out that neither Rishi Gosain nor Abid Chaudhry was domiciled in Prince George's County. The Court of Special Appeals further held that, to be a "taxpayer in Prince George's County" within the meaning of § 8–106(e), one must pay real property taxes to Prince George's County, and the appellate court concluded (178 Md. App. at 97–98, 940 A.2d at 1136):

> "The tax returns filed for the Exxon station were filed by the entity Sona Auto Care, Inc., not Gosain in his individual capacity. Chaudhry did not introduce the tax returns for the BP Station, but acknowledged that the business was owned by an LLC, *i.e.,* not by him individually. Although these entities may be taxpayers of real property taxes in Prince George's County, appellants Gosain and Chaudhry are not."

Rishi Gosain and Abid Chaudhry filed in this Court a petition for a writ of certiorari, presenting the question of whether the petitioners have standing under § 8–106(e) of the Regional District Act to maintain an action for judicial review of a final decision by the District Council. The Prince George's County District Council filed a conditional cross-petition for a writ of certiorari, raising the issue of whether one must be "aggrieved" by the District Council's decision in order to maintain an action for judicial review. This Court granted both the petition and the cross-petition. *Gosain v. Prince George's County,* 405 Md. 62, 949 A.2d 651 (2008).

## II.

As earlier stated, the issue presented by this case is the meaning of the first sentence of Article 28, § 8–106(e), which is part of a public general law enacted by the General Assembly and known as the Regional District Act. That sentence reads as follows (emphasis added):

"In Prince George's County, any incorporated municipality located in Prince George's County, *any person or taxpayer in Prince George's County,* any civic or homeowners association representing property owners affected by a final district council decision, and, if aggrieved, the applicant may have judicial review of any final decision of the district council."

The key phrase, applicable to the facts of this case, is "any person or taxpayer in Prince George's County." This phrase reaches the height of ambiguity.

■ Literally, the phrase "any person ... in Prince George's County" could mean all individuals in Prince George's County, including transients, visitors, those passing through, etc., at any particular time. For example, a resident of New York, who is driving to Florida and drives through Prince George's County on Interstate 95, is a "person ... in Prince George's County." If such person stops at a service station in Prince George's County and purchases gasoline, he or she is literally "a taxpayer in Prince George's County," even though the gasoline tax is paid to the State of Maryland. A person who was never previously in Prince George's County, and who comes into that County to file a lawsuit under § 8–106(e), is a "person ... in Prince George's County" at the time the suit is filed. The language of the phrase, without more, makes the statutory provision virtually meaningless. If we were to give the words of the statute their broadest literal meaning, we would violate the settled principle that a court should "construe statutes in a manner that is not 'absurd, illogical, or incompatible with common sense,' " *Menefee v. State,* 417 Md. 740, 756, 12 A.3d 153, 162 (2011), quoting *Lockshin v. Semsker,* 412 Md. 257, 276, 987 A.2d 18, 29 (2010).

The legislative history of § 8–106(e), and the wording of the entire section, give some indication of the legislative intent. Prior to 1965, the statute in pertinent part read as follows (§ 59–85(e) of the Code of Public Local Laws of Prince George's County (1963 edition), emphasis added):

"In Prince George's County, any person *aggrieved* by a final decision of the district council, whether such decision is affirmative or negative in form, is entitled to judicial review thereof." [4]

The term "aggrieved" as a basis for standing to bring an action is used in numerous statutes, is also a Maryland common law standard, and has been defined and applied in many opinions by this Court. *See, e.g.,* the discussions in *Sugarloaf v. Dept. of Environment,* 344 Md. 271, 285–301, 686 A.2d 605, 612–620 (1996); *Medical Waste v. Maryland Waste,* 327 Md. 596, 611–623, 612 A.2d 241, 248–254 (1992); *Bryniarski v. Montgomery Co.,* 247 Md. 137, 143–146, 230 A.2d 289, 294–295 (1967).

In 1965, however, the statute was re-written by House Bill 927, which was enacted as Ch. 898 of the Acts of 1965. Ch. 898 repealed the statute's prior language quoted above and substituted entirely new language. When first introduced, House Bill 927 in pertinent part read as follows (Laws of Maryland 1965, at 1517, emphasis added):

"In Prince George's County, the applicant, any incorporated municipality, *any person aggrieved,* any taxpayer, or any group or association of taxpayers in the County, is authorized to have judicial review of any final decision of the district council."

Thus, as initially introduced, House Bill 927 listed separately several categories of individuals or entities having standing, and retained the "aggrieved" language only for "any person."

The standing provision of House Bill 927 of the 1965 legislative session was extensively amended during its journey through the General Assembly. All of the above-quoted language after the phrase "In Prince George's County" was

---

4. Even though the Regional District Act was always a public general law enacted by the General Assembly, before 1975 it was codified in the Codes of Public Local Laws of Montgomery and Prince George's Counties, being Articles 16 and 17 of the Code of Public Local Laws of Maryland. By Ch. 892 of the Acts of 1975, however, the General Assembly transferred the Regional District Act to the Maryland Code.

stricken from the bill. In place of the phrase "any person aggrieved, any taxpayer, or any group or association of tax-payers in the County," an early amendment substituted "any person or taxpayer in Prince George's County residing within three (3) miles of the property covered by the application, the applicant, or any who is an aggrieved party...." The same amendment added, immediately after the word "municipality," the language "located in Prince George's County within three (3) miles of the property covered by the application...." A subsequent amendment, however, struck out the words "within three (3) miles of the property covered by the application" with regard to municipalities. The same amendment struck out the words "residing within three (3) miles of the property covered by the application" following the words "any person or taxpayer in Prince George's County." The subsequent amendment also struck out the words "or any" following the words "the applicant," thereby requiring aggrievement only from "the applicant."

As finally passed and signed by the Governor, the first sentence of the standing provision in Ch. 898 of the Acts of 1965 read:

"In Prince George's County, any incorporated municipality located in Prince George's County, any person or taxpayer in Prince George's County, the applicant who is an aggrieved party, is authorized to have judicial review of any final decision of the district council."

Sometime after 1965, a non-substantive amendment to the provision changed the phrase "is authorized to have judicial review" to "may have judicial review."

Ch. 405 of the Acts of 1994 inserted, after the phrase "any person or taxpayer in Prince George's County," the following language: "any civic or homeowners association representing property owners affected by a final district council decision ...." Significantly, Ch. 405 also changed the phrase "and the applicant who is an aggrieved party" to "and, if aggrieved, the applicant...." The title of Ch. 405 stated in relevant part: "For the purpose of * * * clarifying that the aggrievement

standard required to appeal to the circuit court *only applies to an applicant.*" (Emphasis added).

The legislative history of Article 28, § 8–106(e), is better at revealing what the General Assembly did not intend than it is at showing what the General Assembly did intend by using the phrase "any person or taxpayer in Prince George's County."

■ Thus, the wording and title of the 1994 Amendment to the statute, as well as the changes effected by the 1965 amendment to the statute, make it clear that, except for the applicant, aggrievement is not required for standing to bring a § 8–106(e) judicial review action. Requiring the applicant to be aggrieved is somewhat analogous to the principle of appellate litigation that one cannot appeal from a judgment in his or her favor. *See, e.g., Montrose Christian School v. Walsh,* 363 Md. 565, 577 n. 3, 770 A.2d 111, 118 n. 3 (2001); *Harford County v. Saks,* 399 Md. 73, 89 n. 15, 923 A.2d 1, 10 n. 15 (2007); *Paolino v. McCormick & Co.,* 314 Md. 575, 579, 552 A.2d 868, 870 (1989); *Offutt v. Montgomery Co. Bd. of Ed.* 285 Md. 557, 564 n. 4, 404 A.2d 281, 285 n. 4 (1979). Consequently, we reject the District Council's argument that petitioners Gosain and Chaudhry could not maintain this action because, allegedly, they were not aggrieved by the District Council's decision.

■ As earlier mentioned, both courts below held that "any person . . . in Prince George's County" meant a person domiciled in Prince George's County. They relied on an earlier Court of Special Appeals opinion, *Egloff v. Prince George's County, supra,* 130 Md.App. 113, 744 A.2d 1083. In holding that one who occasionally resided in Prince George's County was not "a person . . . in Prince George's County" within the meaning of § 8–106(e), the *Egloff* opinion stated (130 Md.App. at 126–127, 744 A.2d at 1090):

"The Court of Appeals has explained that, where a constitutional or statutory provision confers a benefit based on residency, a person's residence is deemed to be the place where he or she is domiciled, not merely where he or she is

physically present. *See Bainum v. Kalen,* 272 Md. 490, 496–99, 325 A.2d 392 (1974)."

What *Bainum v. Kalen,* 272 Md. at 496, 325 A.2d at 396, as well as numerous other cases, held was that the

"words 'reside' or 'resident' in a constitutional provision or statute delineating rights, duties, obligations, privileges, etc., would be construed to mean 'domicile' unless a contrary intent be shown."

The problem with the reasoning in *Egloff* is that § 8–106(e) of the Regional District Act has never contained the words "reside" or "resident" or "residing." In fact, the legislative history shows that the General Assembly in 1965 rejected using the word "residing." Section 8–106(e) contains the word "in," not the word "reside." There is no principle, of which we are aware, that the word "in" should be construed as "domicile." Whatever the Legislature meant by the phrase "any person or taxpayer in Prince George's County," it did not mean "domicile."

Turning to what persons or entities were intended to be encompassed by the phrase "any person or taxpayer in Prince George's County," it seems clear from the statutory wording and legislative history that the General Assembly contemplated a broad category of persons or entities having standing. The amendments to § 8–106(e) over the years had the effect of expanding the class of persons or entities having standing. On the other hand, as previously discussed, it would be unreasonable to give the phrase its broadest literal meaning.

Traditionally, standing to challenge in court governmental decisions regarding the use of land has been based on the challenger's having some type of interest in real property in the area. Under § 8–106(e), of course, the pertinent area is all of Prince George's County. Moreover, the 1994 amendment to § 8–106(e) granted standing to associations "representing property owners affected by a final district council decision," indicating that an interest in property was the basis for standing.

■ Consequently, in our view, a reasonable interpretation of "any person . . . in Prince George's County" means a person or entity having some type of interest in real property in Prince George's County. This would include a person residing in Prince George's County or owning a residence in the County, regardless of whether it is the person's domicile. It would include businesses or other entities owning or leasing real estate in Prince George's County.

■ Similarly, it is reasonable to conclude that "any . . . taxpayer in Prince George's County" means any person or entity which pays property taxes to Prince George's County. *See Superior Outdoor Signs v. Eller Media Company,* 150 Md.App. 479, 505, 822 A.2d 478, 493 (2003), where the Court of Special Appeals pointed out that a statute granting standing to "any taxpayer" in a particular jurisdiction would literally include "payers not only of property taxes, but of any kind of tax—sales, income," etc., but that the statute "must be interpreted in its context" which was land use regulation. The court held, therefore, that the statute meant property taxes paid to the particular jurisdiction.

■ Both petitioner Gosain and petitioner Chaudhry lacked standing under our interpretation of Article 28, § 8–106(e), to maintain this judicial review action. They neither resided or had a property interest in a residence in Prince George's County, nor owned or leased any real property in the County, nor paid property taxes to the County. The two corporations, Sona Auto Care, Inc., and MNA, LLC, owned the two service station properties and the businesses. The corporations, not the petitioners, paid property taxes to Prince George's County. Neither corporation, however, was a party to this litigation.

■ The petitioners have in this case attempted to blur the distinction between the corporations and the individuals owning the corporations. In Maryland, however, "a corporation is a distinct legal entity, separate and apart from its stockholders. * * * Thus, where a corporation takes title to real property, it holds that property in its own name and right,

and a stockholder, as such, does not...." *Dean v. Pinder*, 312 Md. 154, 164, 538 A.2d 1184, 1189 (1988), and cases there cited. *See Windsor Hills Improvement Association v. Mayor and City Council of Baltimore*, 195 Md. 383, 394, 73 A.2d 531, 535 (1950), refusing to blur the distinction between a corporation and its members for purposes of standing to maintain a judicial review action.

The petitioners Gosain and Chaudhry were each stockholders and employees of corporations which owned the businesses and paid the property taxes. Standing to challenge a land use determination has not, under our opinions, been based on employment in the same area or owning stock in a corporation doing business and owning property in the same area.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. PETITIONERS GOSAIN AND CHAUDHRY TO PAY COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS.*